[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
On February 10, 1998 the defendant East Windsor Planning 
Zoning Commission granted to certain applicants, including Pauline T. Putriment and Vito Cortese a change of zone for property described as 70, 80-82 South Main Street, Warehouse Point, East Windsor, Connecticut. It is alleged that the decision of the Board was made on February 10, 1998 and notice was published in the Journal Inquirer on February 17, 1998. The granting of the application changed the zone for this property to a B-2 zone, which the appeal claims constitutes spot zoning, as the lot is surrounded by an R-2 zone.
This appeal was brought by East Windsor Board of Selectmen and Linda Roberts, First Selectman of the Town of East Windsor. It is alleged that the Town of East Windsor is the owner of a parcel of land which abuts the premises for which the zone was changed.
The defendant Vito Cortese moves to dismiss the appeal on the grounds of (1) improper venue, (2) insufficient standing to sue, (3) lack of subject matter jurisdiction.
 I. Claim for Improper Venue
General Statutes § 51-345b provides that the decisions of a . . . commission or agency of a municipality be taken to the superior court for the judicial district in which such municipality is located, if so provided by law. However, the statute, § 51-345b specifically provides that ". . . such an action may be made returnable to a judicial district as provided in subdivision (3) of subsection (a) of section 51-345."
Section 51-345 (a)(3) provides: "If either or both the plaintiff or defendant are residents of this state to the judicial district where either the plaintiff or defendant resides, except: (A) If either the plaintiff or the defendant resides in the town of . . . East Windsor . . . the action may be CT Page 7168 made returnable at the option of the plaintiff to either the judicial district of Hartford or the judicial district of Tolland."
The defendant East Windsor Planning and Zoning Commission is a Commission of the town of East Windsor. The plaintiff Linda Roberts brings this action in her representative capacity as first selectman of the Town of East Windsor. See General Statutes § 7-12a. The Board of Selectmen authorized the First Selectman to bring this appeal, pursuant to their statutory duty as "the selectmen". See General Statutes § 7-12. The Town of East Windsor is located in Hartford County and must be considered a "resident" of said country for purposes of venue for the commencement of legal actions. Venue does not depend upon the residence of the First Selectman, although, if it did, the First Selectman is a resident of the Town of East Windsor. Venue is proper under the above cited statutes.
 II. Claim of Insufficient Standing to Sue.
The defendant claims that because General Statutes § 10-241
grants to School Districts the power to purchase, recover, hold and convey real and personal property, which power is exercised through the Board of Education, per General Statutes § 10-240, the Board of Education is the abutting property owner with standing to sue. Hence, it is claimed that the town, through the Board of Selectmen or First Selectman, has no standing to bring this appeal.
General Statutes § 8-8(1) designates ". . . any person owning land that abuts . . . any portion of the land involved in the decision of the board" as an "aggrieved person." General Statutes § 8-8(2)b grants to any person aggrieved by any decision of a board the right to take an appeal.
The plaintiff has submitted a certificate of title and appropriate certified copies of deeds in verification of its claim that it, the Town of East Windsor, is an abutting owner of the subject property, in fee simple. The movant submits no evidence in contradiction thereof.
The plaintiff does have standing to commence and prosecute this appeal.
 III. Lack of Subject Matter Jurisdiction.
CT Page 7169
The defendant claims that the failure to serve process on one of the deceased owners of the subject property, that is, to serve the executrix of the estate of one of the owners of the subject property implicates subject matter jurisdiction.
General Statutes § 8-8(f) provides "Service of process shall also be made on each person who petitioned the board in the proceedings . . ." The statute further provides "However, failure to make service within fifteen days of parties other than the board shall not deprive the court of jurisdiction over the appeal."
The defendant has since made service upon the executrix of the Estate of Peter L. Putriment by service upon the Judge of Probate, Probate Judge William Grace, attorney for service of process, properly so appointed by certificate, pursuant to General Statutes § 52-60 for the non-resident executrix Louise P. Stevens. Such late service complies with the notice requirements of General Statutes § 8-8(f).
Failure to initially serve the executrix does not deprive the court of subject matter jurisdiction.
For the reasons set forth herein, the motion to dismiss is denied.
L. Paul Sullivan, J.